UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BARRY A. BOYCE, | ) |
| | ) |
| Movant(s), | ) |
| | ) |
| vs. | ) Case No. 1:11CV2 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Barry Boyce's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 1), filed on January 10, 2011, and Motion to Supplement Pending 28 U.S.C. § 2255 Motion Pursuant to Fed. R. Civ. P. Rule 15(c)(1)(B), filed on July 11, 2013 ("Motion to Supplement," ECF No. 8). These motions are fully briefed and ready for disposition.

**BACKGROUND**

On January 15, 2004, Movant Barry Boyce ("Movant" or "Boyce") was charged in a three-count indictment: two counts charged Movant with distribution of cocaine base and the third count charged Movant with distribution of five grams or more of cocaine base, all in violation of 21 U.S.C. § 841(a)(1). (Indictment (1:04CR15 JCH, ECF No. 1)). Movant was arraigned on February 23, 2004, and entered a plea of not guilty. (Minute Entry for Arraignment (1:04CR15 JCH, ECF No. 8)).

On March 18, 2004, Movant was charged in a four-count superseding indictment: two counts charged Movant with distribution of cocaine base and two counts charged Movant with distribution of five grams or more of cocaine base, all in violation of 21 U.S.C. § 841(a)(1). (First Superseding Indictment (1:04CR15 JCH, ECF No. 27)). Count Four of the superseding indictment also included

a Forfeiture Allegation in which the Government sought to forfeit $3,477.00 in United States currency. (Id.). Movant was arraigned on the superseding indictment on March 25, 2004, and entered a plea of not guilty. (Minute Entry for Arraignment (1:04CR15 JCH, ECF No. 31)).

On May 13, 2004, Movant was charged in a four-count second superseding indictment: two counts charged Movant with distribution of cocaine base, the third count charged Movant with distribution of five grams or more of cocaine base, and the fourth count charged Movant with possession of five grams or more of cocaine base with the intent to distribute it, all in violation of 21 U.S.C. § 841(a)(1). (Second Superseding Indictment (1:04CR15 JCH, ECF No. 45)). Count Four of the second superseding indictment contained the same Forfeiture Allegation as the first superseding indictment. (Id.). On May 20, 2004, Movant filed a motion to dismiss the second superseding indictment on Speedy Trial grounds. (Motion to Dismiss (1:04CR15 JCH, ECF No. 50)). Movant was also arraigned on the second superseding indictment on May 20, 2004, and entered a plea of not guilty. (Minute Entry for Arraignment (1:04CR15 JCH, ECF No. 51)).

On May 21, 2004, United States Magistrate Judge Lewis M. Blanton entered a Report and Recommendation that recommended denying Movant's Motion to Dismiss Indictment on Speedy Trial grounds. (Report and Recommendation (1:04CR15 JCH, ECF No. 52)). Movant filed Objections to the Report and Recommendation on May 24, 2004. (Defendant's Objections to Report and Recommendation of United States Magistrate Judge (1:04CR15 JCH, ECF No. 54)).

On May 24, 2004, Movant pleaded guilty to Count Four of the second superseding indictment. (Minute Entry for Change of Plea Hearing (1:04CR15 JCH, ECF No. 56)). A Presentence Investigation Report ("PSR") was prepared by United States Probation Office. (Government's Response to Movant's Section 2255 Petition ("Response"), ECF No. 7, p. 4). The PSR noted that, based on a finding that Movant was responsible for the distribution of more than 1.5

kilograms of cocaine base, Movant's base offense level was 38. (Id.). The PSR also noted that, pursuant to § 2D1.1(b)(1) of the United States Sentencing Commission Guidelines ("Guidelines"), two levels were added because Movant possessed a dangerous weapon during the offense. (Id.). Two additional levels were added because Movant was considered an organizer, leader, manager, or supervisor of the criminal activity pursuant to U.S.S.G. § 3B1.1(c). (Id.). Three levels were subtracted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id.). Accordingly, the final offense level was calculated as 39. (Id.).

The PSR also calculated a Criminal History Category for Movant. (Id.). Three criminal history points were assessed for a seven-year sentence Movant received for second-degree assault, and two additional points were assessed since Movant committed his current offense less than two years following his release from custody. (Id.). This resulted in a Criminal History Category of III. (Id., p. 5).

Given Movant's total offense level of 39 and his Criminal History Category of III, Movant's range of imprisonment under the Guidelines was 324 to 405 months. (Id.).

Movant filed his Objection to the Presentence Report ("Objection") on August 2, 2004. (Objection to Presentence Investigation Report (1:04CR15 JCH, ECF No. 61)). In his Objection, Movant objected to the drug quantity amount, the "dangerous weapon" enhancement, and the "role in the offense" enhancement. (Id.). Movant contended that the Court was precluded by Blakely v. Washington, 542 U.S. 296 (2004), from making factual findings beyond those admitted by Movant or found by a jury to enhance his sentence. (Id.). Movant filed Supplemental Objections to the PSR on August 16, 2004, and another Objection on August 20, 2004. (Supplemental Objections to Presentence Investigation Report (1:04CR15 JCH, ECF No. 63), Second Supplemental Objections

to Presentence Investigation Report (1:04CR15 JCH, ECF No. 64)). These subsequent Objections reiterated Movant's argument under Blakely. (Id.).

On August 23, 2004, this Court conducted a sentencing hearing. (Minute Entry for Sentencing Proceedings (1:04CR15 JCH, ECF No. 67)). After hearing from both parties, this Court determined that Blakely precluded it from enhancing Movant's sentence for any drug quantity beyond that admitted in his plea agreement, the possession of a dangerous weapon, or Movant's status as a leader or organizer. (Transcript for Sentencing Proceedings (1:04CR15 JCH, ECF No. 79, p. 11)). This Court also determined Movant's Criminal History Category was II, as the Court ruled that it could not make a finding that the offense was committed less than two years following Movant's release from custody. (Id., p. 21). The Court determined Movant's sentencing range was 51 to 63 months, followed by four years of supervised release and a $100 special assessment. (Id., pp. 21, 23-24). The Government appealed Movant's sentence, and the Eighth Circuit Court of Appeals reversed the sentence and remanded the case to this Court for re-sentencing. (Opinion of the United States Court of Appeals for the Eighth Circuit (1:04CR15 JCH, ECF No. 91)).

The second sentencing hearing was held on February 27, 2006. (Minute Entry for Re-sentencing Proceedings (1:04CR15 JCH, ECF No. 98)). The Government called four witnesses to testify to establish Movant's relevant conduct and specific offense characteristics. (Id.). Movant did not call any witnesses. (Id.). The Court sentenced Movant to a term of imprisonment of 324 months, followed by four years of supervised release and a $100 special assessment. (Amended Judgment (1:04CR15 JCH, ECF No. 99)). Movant appealed his sentence, and the Eighth Circuit vacated his sentence. (Opinion of the United States Court of Appeals for the Eighth Circuit (1:04CR15 JCH, ECF No. 127)). The Eighth Circuit informed the Court that, on remand, it may consider any evidence that could have been presented at the original sentencing hearing. (Id., p. 3).

The third sentencing hearing was held on August 25, 2008. (Minute Entry for Re-sentencing Proceedings (1:04CR15 JCH, ECF No. 137)). Movant's total offense level was found to be 37 and his Criminal History Category was found to be III, which resulted in a Guidelines range of 262 to 327 months imprisonment. (Transcript of Re-Sentencing Hearing (1:04CR15 JCH, ECF No. 145, pp. 66-67)). The Court sentenced Movant to a term of imprisonment of 262 months, followed by four years of supervised release and a $100 special assessment. (Amended Judgment (1:04CR15 JCH, ECF No. 138)).

Movant appealed his sentence a second time on the following grounds: 1) this Court relied on unreliable testimony (specifically, the perjured testimony of James Baker, Rodney Townsend, and Randall Lewis) in determining his offense level; 2) this Court erred by considering evidence about his criminal history offered for the first time at his 2008 sentencing hearing; 3) this Court gave inadequate consideration to the § 3553(a) factors and treated the Guidelines as mandatory; and 4) the Government violated its obligation to disclose exculpatory evidence and knowingly presented perjured testimony about his drug dealing at his 2006 sentencing hearing. (Opinion of the United States Court of Appeals for the Eighth Circuit (1:04CR15 JCH, ECF No. 153)). The Eighth Circuit affirmed Movant's conviction and sentence on May 4, 2009. (Id.). Movant filed motions for a rehearing en banc and for a rehearing by the panel, both of which were denied. (Order of the United States Court of Appeals for the Eighth Circuit (1:04CR15 JCH, ECF No. 157)). Movant's request for certiorari review by the Supreme Court was denied on January 21, 2010. (Letter re: Writ of Certiorari (1:04CR15 JCH, ECF No. 160)).

In his § 2255 Motion, Movant raises the following six grounds for relief:

(1)     There is insufficient evidence to support Movant's sentence;

(2)     The Court erred in according mandatory weight to the Guidelines;

(3) The Government failed to disclose favorable evidence and relied on perjured testimony;

(4) Movant's trial counsel was ineffective by failing to investigate and present witnesses at Movant's sentencing hearing and by failing to pursue the issue that Movant was denied his right to a speedy trial; and

(5) Movant's sentence for violations involving cocaine base is excessive, disparate, and unfair when compared to sentences imposed in cocaine powder cases.

(§ 2255 Motion, p. 4).

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Hill v. United States, 368 U.S. 424, 477 n.10 (1962)).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [movant] to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 354 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw, 24 F.3d at 1043 (internal quotations and citation omitted).

As an initial matter, the Court will grant Movant's Motion to Supplement. In his Motion to Supplement, Movant requests that he be allowed to "supplement and clarify...one of the existing claims in [his] § 2255 motion." (Motion to Supplement, p. 1). Specifically, Plaintiff claims he "seek[s] to 'clarify' the 'core facts'" in Ground Two of his § 2255 Motion. (Id., p. 5). Thus, the Court reads Movant's Motion to Supplement as only providing additional information regarding his claims in Ground Two of his § 2255 Motion.

## I.      Grounds 1, 2, and 3

In Ground 1 of his § 2255 Motion, Movant argues there is insufficient evidence to support his sentence, as Baker, Lewis, and Townsend were all unreliable and not credible witnesses. In Ground 2, Movant argues the Court erred in according mandatory weight to the Guidelines. In Ground 3, Movant argues the Government failed to disclose favorable evidence and relied on perjured testimony. Movant states that all three of these grounds were raised on his second direct appeal.

In Movant's second direct appeal, with regards to Ground 1, the Eighth Circuit found that "[w]e cannot conclude from this record that the district court erred in basing its finding about the quantity and type of drugs that Boyce sold on the testimony of these witnesses." (Opinion of the United States Court of Appeals for the Eighth Circuit (1:04CR15 JCH, ECF No. 153, p. 4)). The Eighth Circuit also found that "the district court did not err" in finding "sufficient evidence that firearms were present and involved in Boyce's drug transactions [so as] to support a § 2D1.1(b)(1) enhancement." (Id.). Finally, the Eighth Circuit found that "[t]he record amply supports the district

court's finding that Boyce was a leader of criminal activity, and the two level enhancement was not erroneous." (Id., p. 5).

In Movant's second direct appeal, with regards to Ground 2, the Eighth Circuit found that "the district court adequately considered the § 3553(a) factors and did not give the advisory guidelines excessive weight." (Id., p. 6).

In Movant's second direct appeal, with regards to Ground 3, the Eighth Circuit found that "the government did not violate any discovery obligations in respect to Boyce's sentencing..., nor did it knowingly present false testimony." (Id., p. 10).

"Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Davis v. U.S., 673 F.3d 849, 852 (8th Cir. 2012). Thus, to the extent that Movant attempts to revive his claims previously raised on appeal, the Court will not revisit the decision of the Eighth Circuit. Grounds 1, 2, and 3 will therefore be denied.

## II. Ground 4

Although Movant's claims of ineffective assistance of trial counsel were not raised on direct appeal, they are not subject to procedural default because they could not have been raised on direct appeal. An ineffective assistance of trial counsel claim "is usually not cognizable on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See,e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1989) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals....Here, however, since the record was fully

developed at a post-trial hearing, we will consider the argument."); United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed."). Because this Court did not examine Movant's ineffective assistance of trial counsel claims in any trial or post-trial proceeding, the claims were not cognizable on direct appeal. Therefore, Movant's ineffective assistance of trial counsel claims are not procedurally barred and may be decided by the Court in this § 2255 motion.

In order to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. The Court is not required to "address both components of the inquiry if [Movant] makes an insufficient showing on one [component]." Id. at 697.

In Ground 4 of his § 2255 Motion, Movant argues his trial counsel was ineffective by failing to investigate and present witnesses at Movant's sentencing hearing and by failing to pursue the issue

that Movant was denied his right to a speedy trial. The Court will address each of these contentions separately.

### A.  Failure to Investigate and Present Witnesses

Movant asserts his counsel was ineffective for failing to investigate and present witnesses[2] who would have testified in a manner so as to discredit the Government's witnesses. Movant claims that these potential witnesses, who include Movant's wife and brother, would have testified that Baker and Townsend falsely testified about Movant's alleged drug activities. Movant claims these witnesses would also have testified that they never saw Movant engage in any drug-related activities or associate with the Government's witnesses.

Upon consideration, the Court finds that Movant's claims fail both prongs of the Strickland test. First, Movant fails to show that his counsel's performance was "deficient" under the first prong of the test in Strickland. Movant's counsel requested a continuance of the second sentencing hearing on February 27, 2006, in order to call "about 20" witnesses "to challenge some of the testimony" presented by the Government at the hearing, and counsel's request was denied. (Transcript of Re-sentencing Hearing (1:04CR15 JCH, ECF No. 113, pp. 123-25)). Movant's counsel indicated she was aware of some of these witnesses before the hearing and that Movant disclosed other witnesses after hearing the Government's evidence at the hearing. (Id., p. 125). Movant's counsel specifically mentioned Penny Coleman and Ervin Boyce as potential witnesses. (Id., p. 131). At Movant's third sentencing hearing on August 25, 2008, Movant's counsel did not present testimony from any witnesses. (Transcript of Re-sentencing Hearing (1:04CR15 JCH, ECF No. 145, pp. 17-18)). Movant's counsel was clearly aware of these witnesses and made the strategic decision not to present

---

[2]According to Movant, "[t]hese witnesses include, but are not limited to, Penny Coleman, Jackie Dowell, Yameka Robinson, Bernadette Williams, Ervin Boyce, Brian Visor, and Eric Dowell." (§ 2255 Motion, p. 9).

their testimony at Movant's third sentencing hearing. A court will not second-guess trial strategy nor use the benefit of hindsight to determine what a better course of action may have been. Williams v. U.S., 452 F.3d 1009, 1014 (8th Cir. 2006). Therefore, the Court finds that counsel's decision not to offer witness testimony at Movant's third sentencing fell within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and so Movant fails to demonstrate that his trial counsel's performance was deficient.

The Court finds Movant also fails to demonstrate that his counsel's allegedly deficient performance was prejudicial under the second prong of the test in Strickland. Movant has not demonstrated that the outcome of his sentencing re-hearing would have been different but for his counsel's failure to call the witnesses identified by Movant. None of these witnesses would have offered testimony addressed to the enhancement under U.S.S.G. § 2D1.1(b)(1), which concerned Movant's possession of a dangerous weapon during the offense. Additionally, the testimony of these witnesses that they were unaware of Movant's drug activities does not contradict the Government's evidence addressed to the enhancement under U.S.S.G. § 3B1.1(c), which concerned Movant's status as an organizer, leader, manager, or supervisor of the criminal activity. Finally, none of these witnesses would have offered testimony addressed to Movant's Criminal History Category of III. Movant's sentence was the lowest he could receive under the applicable Guidelines range. Movant therefore suffered no prejudice from his counsel's alleged error, and his claims of ineffective assistance of counsel for the failure to investigate and present witnesses at his re-sentencing will be denied.

### B.    Failure to Pursue Speedy Trial Denial

Movant also asserts his counsel was ineffective for failing to pursue the issue that Movant was allegedly denied his right to a speedy trial. Movant claims the charges against him should have

been dismissed because the Government did not timely pursue the trial of Movant's case. Movant acknowledges that his counsel filed a motion based on the denial of a speedy trial, but Movant argues "counsel did not pursue the motion throughout the proceedings" and did not raise the issue on appeal.

Upon consideration, the Court finds Movant's claims fail both prongs of the <u>Strickland</u> test. First, Movant fails to show counsel's performance was "deficient" under the first prong of the test in <u>Strickland</u>.[3] The Speedy Trial Act provides that a defendant charged in an indictment must face trial within 70 days of his initial court appearance. 18 U.S.C. § 3161(c)(1). Movant was charged in the original indictment on January 15, 2004, and he was arraigned on February 23, 2004. Movant was charged in the first superseding indictment on March 18, 2004, and he was arraigned on March 25, 2004. Movant was charged in the second superseding indictment on May 13, 2004, and he was arraigned on May 20, 2004. On May 20, 2004, Movant's counsel filed a motion to dismiss the "pending indictment" on Speedy Trial grounds, and Judge Blanton entered a Report and Recommendation that recommended denying Movant's motion. (<u>See</u> Report and Recommendation (1:04CR15 JCH, ECF No. 52)). Judge Blanton found that the first superseding indictment restarted the Speedy Trial clock since the first superseding indictment charged Movant with a crime occurring ten months to a year after the crimes charged in the original indictment. (<u>Id.</u>, p. 2). Therefore, the Speedy Trial clock began again when the first superseding indictment was filed on March 18, 2004, and would have expired on May 28, 2004.

---

[3]The <u>Strickland</u> test applies to an ineffective assistance of counsel claim "whether we are examining the performance of counsel at the trial or appellate level." <u>Eagle v. Linahan</u>, 279 F.3d 926, 938 (11th Cir. 2001). Thus, the two-prong <u>Strickland</u> analysis also applies to Movant's claim that counsel was ineffective for failing to raise an issue on appeal.

The Court agrees with Judge Blanton's determination. Thus, any alleged failure of Movant's counsel to "pursue the issue" of the alleged Speedy Trial violation, whether on appeal or otherwise, falls within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689. Movant therefore fails to demonstrate that his trial counsel's performance was deficient.

The Court finds that even if the Court were to assume that Movant's counsel was ineffective, Movant's claim nevertheless fails under the second prong of the Strickland test. Movant cannot establish a reasonable probability that the Speedy Trial challenge would have succeeded if counsel had somehow continued to pursue it with this Court or on direct appeal. Because Movant's Speedy Trial challenge lacks merit, there can be no prejudice from Movant's counsel's failure to continue to pursue it. See U.S. v. Martinez, No. 8:99CR194, 2002 WL 737504, at *4 (D. Neb. Apr. 26, 2002).

**III.   Ground 5**

In Ground 5 of his § 2255 Motion, Movant argues his sentence is excessive, disparate, and unfair when compared to sentences imposed in cocaine powder cases. Movant also argues that the Fair Sentencing Act of 2010 ("FSA") changes the 100:1 statutory penalties for cocaine base and cocaine powder to 18:1, and Movant argues he should receive a lesser sentence based on the change in the law. Movant acknowledges that his first claim in Ground 5 was raised on his second direct appeal, and he states that his second claim in Ground 5 was not raised on direct appeal because the FSA was enacted subsequent to his appellate proceedings.

On May 23, 2012, pursuant to Movant's motion under 18 U.S.C. § 3582(c)(2), Movant's sentence was reduced from 262 to 210 months of imprisonment. (Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (1:04CR15 JCH, ECF No. 165)). Therefore, the Court finds Movant's claims in Ground 5 are moot, and Ground 5 will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Supplement Pending 28 U.S.C. § 2255 Motion Pursuant to Fed. R. Civ. P. Rule 15(c)(1)(B) is **GRANTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is **DENIED**, and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 29th day of August, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE